UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION, <br> 1236 N. Stafford St., Arlington, VA 22201 <br> <br> Plaintiff, <br> <br> v. <br> <br> UNITED STATES DEPARTMENT OF HEALTH <br> AND HUMAN SERVICES, <br> 200 Independence Ave. SW, Washington DC 20201 <br> <br> <br> Defendant. | Civil Action No. 23-3546 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff alleges as follows, against the Defendant, the U.S. Department of Health and Human Services (HHS).

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under its February 28, 2023 FOIA request seeking specified communications that contain the word "transgender" or "gender-affirming" or the words "gender identity," or relate to a consulting agreement with Child Trends.

3) HHS has failed to provide plaintiff with either the records requested in its FOIA request, or a proper determination in response to plaintiff's request.

4) After initially issuing an erroneous determination stating that no responsive records existed, HHS overturned that determination on appeal on September 14, 2023, stating that it would "reopen your original request (2023-00517-FOIA-PHS) for further processing. On remand, additional searches will be conducted for records responsive to your request and a revised response will be issued."

1

5) But no such response has been issued.

6) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

7) But more than 20 working days have passed since both plaintiff's request and the date on which plaintiff's request was reopened for further processing.

8) Thus, HHS has not complied with the statutory deadline for issuing a determination in response to plaintiff's FOIA request.

9) Due to HHS's failure to provide any such determination, plaintiff has filed this lawsuit to compel it to comply with the law.

## PARTIES

10) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation that focuses on civil-liberties issues. It supports non-profits (including media entities) that study and publish reports about civil-liberties issues, and that use freedom of information laws to shed light on the operations of government. It and one of its trustees have filed court briefs in civil-liberties cases involving gender-identity and

transgender issues.[1] A BFF trustee, Hans Bader, is a former employee of the Education Department's Office for Civil Rights.[2]

11) Defendant United States Department of Health and Human Services is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 200 Independence Ave. SW, Washington DC 20201. Defendant HHS has possession, custody, and control of the records Plaintiff seeks from it.

## JURISDICTION AND VENUE

12) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

13) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1), because defendant is a federal agency, and because it is located in Washington, D.C.

## FACTUAL AND STATUTORY BACKGROUND

14) On February 28, 2023, plaintiff submitted a FOIA request to HHS requesting

   1.   All emails from March 1, 2021 through February 28, 2022, between any covered HHS office and Child Trends, Lauren Kissela, Jasmine Henderson,

---

[1] *See, e.g., Brief of the Bader Family Foundation and Hans Bader as Amici Curiae in Support of Plaintiff-Appellant and Reversal* in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2001) (No. 20-3289) (filed, June 3, 2020) (amicus brief in support of professor's successful First Amendment challenge to compulsory use of student's preferred pronouns), https://tinyurl.com/yc7639w7; *Petition for a Writ of Mandamus* filed by Competitive Enterprise Institute, National Center for Transgender Equality, *et al.*, D.C. Cir. Docket No. 15-1224 (filed, July 15, 2015) (mandamus petition filed by Hans Bader as counsel for transgender and other litigants over TSA screening that failed to take into account public input, including about the needs of transgender travelers), https://cei.org/sites/default/files/In%20re%20CEI%20et%20al.%20mandamus%20petition%20-%20stamped.pdf.

[2] *See* George Will, *'Alice in Wonderland' coercion*, Oklahoman, May 26, 2013, available at https://www.oklahoman.com/article/3833883/george-f-will-alice-in-wonderland-coercion ("Hans Bader" is a "former OCR lawyer").

3

Julie Blechman, Sara Appel, or Alana Ward, that contain the word "transgender" or "gender-affirming" or the words "gender identity."

2. All emails sent by any covered HHS office to email addresses with the domain childtrends.org, from March 1, 2021, through February 28, 2022, that contain the word "transgender" or "gender-affirming" or the words "gender identity."

3. All emails received by any covered HHS office from email addresses with the domain childtrends.org, from March 1, 2021, through February 28, 2022, that contain the word "transgender" or "gender-affirming" or the words "gender identity."

4. All emails containing the word "transgender" or "gender-affirming" or the words "gender identity" from March 1, 2021 through February 28, 2022, between Booz Allen Hamilton and any covered HHS office.

5. All emails containing the word "transgender" or "gender-affirming" or the words "gender identity" sent by any covered HHS office to email addresses with the domain boozallen.com, from March 1, 2021 through February 28, 2022.

6. All emails containing the word "transgender" or "gender-affirming" or the words "gender identity" received by any covered HHS office from email addresses with the domain boozallen.com, from March 1, 2021 through February 28, 2022.

7. All records from March 1, 2021 through March 11, 2022, containing or comprising any contract or consulting agreement with Child Trends or between Child Trends and the Department of Health and Human Services.

8. All communications from March 1, 2021 through February 28, 2022, discussing any contract or consulting agreement between Child Trends with the Department of Health and Human Services, where such communications were sent or received by any covered HHS office.

"Covered HHS office," as used above, includes any of the following: the Office of Population Affairs (and any person therein); the Assistant Secretary for Health (and employees in her immediate office); and the Secretary of Health and Human

Services. It also includes Rachel Levine, Karen Silver, Armin Aflaki, Emily Novick, Jamille Fields Allsbrook, Jessica Marcella, Alicia Richmond, and Celinda Franco.

15) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*.

16) On March 1, 2023, HHS sent an acknowledgment of plaintiff's request, assigning it "Request Number 2023-00517-FOIA-PHS."

17) On March 21, 2023, HHS issued an initial determination in response to plaintiff's FOIA request. It stated that "The Office of Population Affairs (OPA) conducted a search and did not locate any responsive records regarding the subject you provided in your request. While we believe that an adequate search of the appropriate files was conducted for the records you requested, you have the right to appeal this finding that no records exist which would be responsive to your request." It further stated that the appeal could be submitted up to "90 days from the date of receipt of this letter to: Ms. Carol Maloney," at HHS.ACFO@hhs.gov.

18) On the very next day, plaintiff emailed a FOIA appeal to HHS.ACFO@hhs.gov, attaching an enclosed letter to "Ms. Carol Maloney" disputing the finding that no records existed responsive to its request, and providing reasons to believe that an inadequate search for responsive records was conducted by HHS.

19) Among other things, plaintiff stated in that March 22 letter that HHS had not searched all offices where the requested records could be found, and that the nature of the FOIA request and the scope of records produced in response to similar requests in the past made it implausible that no responsive records existed. Plaintiff stated, *inter alia*:

> The response stated that "The Office of Population Affairs (OPA) conducted a search and did not locate any responsive records regarding the subject you provided in your request."

But the request was not limited to records in the Office of Population Affairs. It specifically sought records of "any covered HHS Office." And that included a variety of HHS officials, such as "the Secretary of Health and Human Services" – who is not in the Office of Population Affairs – and "the Assistant Secretary for Health".

The Request stated,

> "Covered HHS office," as used above, includes any of the following: the Office of Population Affairs (and any person therein); the Assistant Secretary for Health (and employees in her immediate office); and the Secretary of Health and Human Services. It also includes Rachel Levine, Karen Silver, Armin Aflaki, Emily Novick, Jamille Fields Allsbrook, Jessica Marcella, Alicia Richmond, and Celinda Franco.

Even putting that aside, it is simply not credible to claim that there were no responsive records.

FOIA Request No. 2023-00517-FOIA-PHS is broader in its request for transgender-related records, and covers a longer period, than a May 2022 FOIA request submitted by the same requesters that generated many pages of responsive records despite covering only communications about a specific document over a shorter, later period. That FOIA request yielded 55 pages of responsive records about just a single HHS document about transgender issues ("Gender-Affirming Care and Young People,"), which pages are attached beneath. There should be a much larger number of pages responsive to this request, which expansively seeks all emails in broad date ranges between many HHS staff, and people HHS staff are shown to have communicated with in the attached pages, that contain the word "transgender" or "gender-affirming" or the words "gender identity."

Moreover, given how frequently HHS officials publicly discuss transgender-related issues publicly, it simply defies belief that there would be no such responsive records. HHS officials care passionately about these issues. *See, e.g.,* Joshua Q. Nelson, <u>Dr. Rachel Levine says changing kids' genders will soon be fully embraced: 'Wheels will turn on this'</u>, Fox News, March 16, 2023. So obviously, they discussed these issues in private communications as well. Those private communications are responsive records, and accordingly should be produced.

Moreover, the FOIA request sought, in parts 7 and 8, the "contract or consulting agreement with Child Trends or between Child Trends and the Department of Health and Human Services" and "communications" about that agreement.

It is not credible that such a contract or agreement doesn't exist, given that attached pages of HHS records show that Child Trends was indeed a consultant for the Department of Human Services, and that Child Trends was sending to HHS drafts of the HHS guidance document that was the subject that request, "Gender-Affirming Care and Young People," a guidance document issued by the Office of Population Affairs in the U.S. Department of Health and Human Services in late March 2022.

6

>Yet, the no-records response fails to produce even that consulting agreement or any communications about it.

20) More than five months passed without any response to plaintiff's administrative appeal.

21) On September 14, 2023, HHS overturned its determination that no responsive records existed, stating that it would "reopen your original request (2023-00517-FOIA-PHS) for further processing. On remand, additional searches will be conducted for records responsive to your request and a revised response will be issued."

22) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

23) October 13, 2023 was 20 working days after the days after the date plaintiff's request was reopened for processing.

24) No revised response was issued by then, nor has any such determination been made, as of the date this lawsuit was filed. Thus, no valid determination is in existence, even though it is more than 20 working days after plaintiff's FOIA request was reopened, and nine months after plaintiff's FOIA request was received.

25) No adequate search for responsive records has been conducted.

26) Instead, HHS has improperly withheld agency records. "An inadequate search for records constitutes an improper withholding under the FOIA." *Dean v. U.S. Department of Justice*, 141 F.Supp.3d 46, 48 (D.D.C. 2015).

27) HHS's ruling on appeal does not constitute the required determination, especially since it specifically recognized that "additional searches" would be needed before a "revised response [determination] will be issued."

28) Moreover, it did not even contain the information a determination on appeal should contain, such as a timeframe for the remand. As the Justice Department has instructed agencies, "If the initial action is reversed or remanded, the response should explain the next steps in the process, such as a timeframe for the remand and a point of contact for the request on remand."[3]

29) An agency must provide a valid determination on appeal in response to an administrative appeal within twenty working days after it receives the FOIA requester's appeal, *see* 5 U.S.C. § 552(a)(6)(A)(ii), which defendant did not do here.

30) Even if its September 14, 2023 response constituted the required determination under 5 U.S.C. § 552(a)(6)(A)(i)  (which it did not), defendant has violated FOIA by not making the requested "records promptly available" to plaintiff. 5 U.S.C. § 552(a)(3)(A).

31) "As to actual production, FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), *citing* 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

---

[3] U.S. Department of Justice, Office of Information Policy, *OIP Guidance: Adjudicating Administrative Appeals Under the FOIA*, available at https://www.justice.gov/oip-guidance/Adjudicating%20Administrative%20Appeals%20Under%20the%20FOIA.

32) Yet, months have passed since HHS's ruling on the administrative appeal, with no records being produced, and no additional response or determination.

33) Due to HHS's failure to comply with FOIA's statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

34) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d at 189.

35) Since HHS did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request.

36) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (emphasis added). *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

37) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit. Plaintiff's prior FOIA requests for similar records have resulted in news coverage.[4]

---

[4] *See, e.g.,* Greg Piper, *Biden administration divided on 'gender affirming' care for minors as other countries pull back*, Just the News, August 10, 2022 (linking to FDA response to plaintiff's FOIA request), available at http://justthenews.com/government/federal-agencies/biden-administration-divided-gender-affirming-care-minors-other; Christina Buttons, *Revealed: HHS*

9

38) When responsive records are produced to plaintiff in FOIA lawsuits, they are generally disseminated to the Liberty Unyielding blog, which posts such records, and thus makes them available to the public, sometimes resulting in news coverage by media entities with large readerships.[5]

39) Plaintiff accordingly sought a fee waiver in its FOIA request.

40) Plaintiff has received no determination in response to its request for a fee waiver.

## FIRST CLAIM FOR RELIEF
## Duty to Issue Determination & Produce Records – Declaratory Judgment

41) Plaintiff re-alleges paragraphs 1-40 as if fully set out herein.

42) Defendant is improperly withholding agency records.

43) Plaintiff asks this Court to enter a judgment declaring that:

   a. Defendant's handling of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

   b. Defendant has a duty to issue a determination in response to plaintiff's FOIA request;

   c. Defendant has a duty to produce the records responsive to plaintiff's FOIA request;

---

*did not consult experts on gender treatments for minors*, The Post-Millennial, Aug. 11, 2022 (linking to FDA response to plaintiff's FOIA request), https://thepostmillennial.com/revealed-hhs-did-not-consult-experts-on-gender-treatments-for-minors.

[5] *See, e.g.*, Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb states that the Daily Wire had 19.9 million visits to its web site in January 2023, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/.

    d.    Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Issue Determination & Produce Records – Injunctive Relief

44) Plaintiff re-alleges paragraphs 1-43 as if fully set out herein.

45) Plaintiff is entitled to injunctive relief compelling Defendant to issue a determination in response to plaintiff's FOIA request;

46) Plaintiff is entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA request, without charging any fees.

47) Plaintiff asks the Court to grant an injunction ordering Defendant to issue a determination in response to its FOIA request, and to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

48) Plaintiff re-alleges paragraphs 1-47 as if fully set out herein.

49) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

50) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 28th day of November, 2023,

                                                   ___/s/ Hans F. Bader_____
                                                       Hans F. Bader

D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford Street
Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*